UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

LAIMEI LAU,

                Plaintiff,                              **COMPLAINT**

     -against-

THE CITY OF NEW YORK                           **JURY TRIAL DEMANDED**
and UNIDENTIFIED POLICE OFFICERS
all sued herein in their capacity as individuals.

                Defendants.

----------------------------------------------------------X

       Plaintiff LAIMEI LAU, by her attorney, Fred Lichtmacher of The Law Office of Fred Lichtmacher, PC, complaining of the Defendants herein, respectfully alleges the following upon information and belief as and for her Complaint:

## JURISDICTION AND VENUE

1      This action arises under federal law more specifically pursuant to 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution as well as pursuant to the common law of the State of New York.

2      Pursuant to 28 U.S.C. §1391(b)(2), venue is proper in the Eastern District of New York as events forming the basis of the Complaint occurred in that District and subject matter jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1343 (a) (3 & 4).

## PARTIES

3      At all times relevant, Plaintiff, LAIMEI LAU, was and still is a resident of the County of Queens in the City and State of New York and she is a Chinese-American female.

4      At all times hereinafter mentioned, Defendant THE CITY OF NEW YORK (NYC) was

and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

5       Upon information and belief, that at all times hereinafter mentioned, NYC, its agents, servants and employees operated, maintained and controlled the NYC Police Department (NYPD), including all the police officers thereof.

6       Upon information and belief, at all times hereinafter mentioned, Defendants UNIDENTIFIED NEW YORK CITY POLICE OFFICERS, were employed by NYC as members of its police department and they are sued herein in their capacity as individuals.

7       Defendants, were at all times relevant, duly appointed and acting as employees of NYC and they are liable for directly participating and/or failing to intervene to prevent those preventable acts described herein.

8       This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to Plaintiff by the Fourth, and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. §§ 1983 and 1988 as well as pursuant to the common law of the State of New York.

9       At all times relevant, the individual Defendants were acting in their capacities as state actors under color of state law.

## FACTS UNDERLYING
## PLAINTIFF'S CLAIMS FOR RELIEF

10      On February 18, 2018, Ms. Lau called the police regarding the possible disappearance of $10,000 cash from her home at approximately 7:20 a.m.

11      At approximately 7:58 a.m., Defendants UNIDENTIFIED NEW YORK CITY POLICE OFFICERS arrived.

12      Ms. Lau opened the door for them to conduct their investigation, and she explained the situation including the disappearance of the $10,000 in cash.

13      Ms. Lau is a 66-year-old female approximately 4'10" tall and weighing approximately 80 lbs on the date of incident, while the Defendant officers are both approximately one foot taller and possibly three times the weight of Ms. Lau.

14      The Defendant officers asked Ms. Lau who stole the money and Ms. Lau replied that she did not know.

15      Ms. Lau is a native Cantonese speaker and she is not fluent in English.

16      The Defendant officers then told Ms. Lau that they could not file a report if she did not know who stole the money, and started scolding Ms. Lau, complaining how late she made the call.

17      Ms. Lau explained it was Chinese Lunar New Year at that time and that it was snowing heavily.

18      Scared by the Defendants' scolding and yelling at her, Ms. Lau sent a text message to her daughter saying the police officers were not going to investigate; and shortly after the text message was sent, the Defendants agreed to help but deleted the text message.

19      The Defendants knew about and brought up the times Ms. Lau complained to Channel 7 News regarding different unfortunate things that had happened to her.

20      At approximately 8:25 a.m., an ambulance came; and as soon as it came the Defendant officers asked Ms. Lau about her prior complaints to the media.

21      Defendants were not making any efforts to investigate or help Ms. Lau with her lost cash.

22      Ms. Lau was uncomfortable with Defendants' inaction and perceived harassment of her regarding her prior complaints, and she asked the Defendants to leave, politely, and opened the

secondary door leading to the outside door in the living room for them to exit.

23  Defendants immediately, and without any necessity to do so, punched the diminutive elderly Ms. Lau on the left side of her face and threw her to the ground.

24  Without explaining why they were doing so, the Defendants handcuffed Ms. Lau while she was on the ground.

25  Later, as an excuse for their abusive behavior, the Defendants claimed that Ms. Lau was on drugs, which was not true.

26  Defendants bound the Plaintiff's hands and legs, and put her on a stretcher.

27  As it was winter and very cold, Ms. Lau asked for a jacket but Defendants did not respond.

28  Shortly before Ms. Lau was arrested, she asked the Defendants if she had been impolite to them, and the Defendants responded no.

29  While she was placed into the ambulance, Ms. Lau felt insecure and afraid, she asked for help and asked why they were doing this to her.

30  While Ms. Lau was in the hospital, she was restrained and she was surrounded by numerous people, and she was embarrassed and humiliated a condition exacerbated by her lack of familiarity with the culture.

31  After a few minutes in the hospital the restraints were removed and the Defendants left.

32  Later, hospital employees asked for her son and daughter's contacts; and they told her that she would not be released until her son or daughter arrived.

33  Ms. Lau did not receive her phone until she was about to leave.

34  A nurse at hospital stated to her that "they shouldn't have done this" referencing the Defendants' treatment of the diminutive elderly Plaintiff.

35     A social worker questioned Ms. Lau and she told Ms. Lau that Police Officers took her because she was holding a pair of scissors to threaten them, which was not true.

36     At approximately 4 p.m., Ms. Lau was finally able to leave the hospital.

37     Due to the gratuitous physical abuse inflicted by the Defendants, Ms. Lau suffered numerous injuries, including but not limited to pain, bleeding from her hand, elbows, fingers, and arm as well as emotional harms including a fear of the police and she was otherwise harmed.

**FIRST CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF
PURSUANT TO 42 U.S.C. § 1983 AND
THE FOURTH AMENDMENT
via a <u>FALSE  ARREST</u>**

38     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the prior paragraphs as if fully stated herein.

39     Plaintiff' rights have been violated pursuant to the Fourth Amendment of the United States Constitution made applicable to the states by virtue of the Fourteenth Amendment and pursuant to 42 U.S.C. § 1983, due to her being subjected to false arrests by the Defendants.

40     Plaintiff called the police for help regarding her lost money but she was instead confined by Defendants; Defendants intended to confine Plaintiff; Plaintiff was conscious of her confinement; and Plaintiff did not consent to the confinement which was not otherwise privileged.

41     As a direct consequence of Defendants' actions, Plaintiff was deprived of rights, privileges and immunities pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and more particularly, her right to be free from arrest without probable cause.

42     The said false arrest was caused by the Defendants, and at no point did the Defendants act

with a reasonable suspicion or probable cause or otherwise have any lawful basis for their treatment of Plaintiff.

43    Among other invasions of Plaintiff's privacy, offenses to her dignity and violations of her rights, Plaintiff was subjected to being confined, insulted, humiliated, emotionally harmed, embarrassed, she was defamed by being confined in the plain view of her neighbors and in front of members of her community and she was otherwise harmed.

44    By reason of the aforesaid, Plaintiff has been damaged and entitled to compensatory damages in a sum not less than $50,000.00 (FIFTY THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and Plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. §1988.

### SECOND CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF PURSUANT TO 42 U.S.C. §1983 VIOLATION OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS via EXCESSIVE FORCE

45    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the prior paragraphs as if fully stated herein.

46    Defendants physically abused the Plaintiff unnecessarily and maliciously without the need to use any force, much less the excessive, gratuitous force employed against a diminutive elderly woman.

47    As a direct consequence of Defendants' actions, Plaintiff was deprived of rights, privileges and immunities pursuant to the Fourth and Fourteenth Amendment to the United States Constitution, and more particularly, her right to be free from the use of excessive and unreasonable force.

48      The individual Defendants' acts caused Plaintiff to sustain physical injuries, including but not limited to pain, bleeding from her hand, elbows, fingers, and arm; emotional harms, to wit, the fear she would continue to be beaten and otherwise abused by the police officers and today she is scared of the police.



49      By reason of the aforesaid, Plaintiff has been damaged and entitled to compensatory damages in a sum not less than $50,000.00 (FIFTY THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and Plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. §1988.

### THIRD CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF PURSUANT TO 42 U.S.C. §1988 AND THE FOURTH AMENDMENT AGAINST THE CITY OF NEW YORK i.e., MONELL CLAIM

50      Plaintiff repeats, reiterates, and realleges each and every allegation contained in the prior paragraphs as if fully stated herein.

51      Plaintiff's rights have been violated under the Fourth Amendment to the United States

Constitution as made applicable to the states via the Fourteenth Amendment by the Defendant NYC.

52     Defendants were at all times relevant duly appointed and acting as employees and agents of NYPD, which is supervised and controlled by NYC.

53     There is a pattern of NYPD officers' misconduct when interacting with the Chinese-American Community, especially those elderly citizens who cannot speak English fluently, such as Plaintiff herein.

54     NYC is responsible for the actions of the Defendant officers due to its failure to properly train and supervisor its officers and is on notice of the uneasy relationship between the NYPD and Chinese-American Community, but does nothing to prevent and correct misconduct, such as that in the instant matter, compelling the conclusion that it has tacitly authorized its subordinates' unlawful actions as described above.

55     Defendant NYC fails to train and adequately supervise its employees in how to deal with Chinese Americans who are less than fluent in English, including the Defendant officers herein; and such failure to train and supervise amounts to deliberate indifference to the rights of the Plaintiff as NYC knows that its employees are likely to confront situations in which they must interact with citizens who have difficulty communicating, and that the need for more and different training in such situations is obvious, and NYC knows the problems its lack of adequate training and supervision causes and in the instant matter, such failure to train and supervise, did in fact result in the violation of Plaintiff's constitutional rights.

56     The diminutive, elderly Plaintiff suffered physical abuse at the hands of the Defendant officers' who employed excessive force without fear of repercussions as NYC has failed to

discipline officers who did employ excessive force in similar situation in the past which caused and allowed the Defendants herein to inflict physical harms on the Plaintiff.

57    As a direct consequence thereof, Plaintiff has been damaged; she was subjected to being physically harmed and she suffered pain, she was, insulted, humiliated, emotionally harmed, embarrassed, she was defamed by being confined in the plain view of her neighborhood and in front of members of her community and she was otherwise harmed.

58    By reason of the aforesaid, Plaintiff has been damaged and entitled to compensatory damages in a sum not less than $50,000.00 (FIFTY THOUSAND) DOLLARS and Plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff respectfully requests that judgment be entered as follows:

(A)   Declaratory relief finding that Plaintiff LAIMEI LAU's rights under the United States Constitution were violated;

(B)   Compensatory damages to be determined at trial in a sum not less than $50,000.00 (FIFTY THOUSAND) DOLLARS

(C)   By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages against the individual defendants in an amount to be determined at trial;

(D)   An award to Plaintiff of the costs and disbursements herein;

(E)   An award of attorneys' fees pursuant to 42 U.S.C. §1988; and

(F)   Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
August 31, 2018

/ s /
FRED LICHTMACHER FL-5341
The Law Office of Fred Lichtmacher P.C.
Attorney for Plaintiff
116 West 23rd Street Suite 500
New York, New York 10011
Tel. No. (212) 922-9066

To: ZACHARY CARTER
NYC Corporation Counsel
100 Church Street
New York, New York 10007